UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IDELLA BUTLER, | } |
| | } |
| Plaintiff, | } |
| VS. | } CIVIL ACTION NO. H-08-897 |
| | } |
| ARCHDIOCESE OF GALVESTON HOUSTON, *et al*, | } |
| | } |
| Defendants. | } |

## OPINION & ORDER

Presently before the Court is Defendants Archdiocese of Galveston-Houston and Saint Philip Neri Catholic School's motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6) and 56 (Doc. 29) and Plaintiff Idella Butler's response (Doc. 32). Upon careful review and consideration of this motion, the response, as well as the relevant legal authority, and for the reasons explained below, the Court finds that Defendants' motion to dismiss should be granted.

I. Background and Relevant Facts

Plaintiff Idella Butler("Butler") was an elementary school teacher for twenty-one years at schools run by the Archdiocese of Galveston-Houston ("Archdiocese"). (Doc. 1, ¶¶ 11–29; Doc. 32-8 at 2.) For the last twelve years of her career she taught at Saint Philip Neri Catholic School ("School"). (*Id.*, ¶ 6) The School struggled with declining enrollment for several years, dropping to a low of sixty-four students during the 2005–06 academic year, the last year of Butler's employment at the School. (Doc. 29-2, Harris Decl. ¶¶ 3, 4, 12, 13; Doc. 29-3, Butler Depo. at 14–16) While at one time there were twelve fulltime teachers on staff, only seven

fulltime teachers were employed at the School during 2005–06 academic year. (Doc. 29-2, ¶ 18.) That year, because of the low enrollment, Butler was assigned to teach a combined kindergarten and first grade class. (Doc. 1, ¶ 11; Doc. 29-2, ¶ 12.)

On April 6, 2006, Butler, along with all the other fulltime teachers, received a letter stating that due to uncertain staffing needs for the 2006–07 academic year, the School was not yet able to renew teaching contracts. (Doc. 32-4 at 18.) Subsequently, additional students enrolled for the 2006–07 academic school year. (Doc. 29-5, Harris Depo. at 24–25, 199–200.) The School eventually renewed the contracts of some teachers, but, on May 26, 2006, Butler received a letter informing her that her teaching contract at the School would not be renewed. (Doc. 32-4 at 19; Doc. 29-2, Harris Decl. ¶ 15.) Butler was sixty-nine years old at the time. (Doc. 32-8 at 2; Doc. 29-2, Harris Decl. ¶ 22.)

Butler is a Baptist and, throughout her career with the Archdiocese, taught exclusively secular subjects. (Doc. 1, ¶ 29.) . The combined kindergarten and first grade class that Butler taught in 2005–06 was taught the following year by Aldelia Hinton ("Hinton"), a teacher newly hired by the School. Hinton is Catholic and therefore could teach religion classes at the School. (Doc. 29-2, Harris Decl. ¶ 16.) Hinton was forty-eight years old at the time she was hired to replace Butler. Hinton taught the combined kindergarten and first grade class along with religion through the end of the 2008–09 academic year, at which time the school was closed by the Archdiocese. (Doc. 29-5, Harris Depo. at 86, 87, 113–115; Doc. 29-2, Harris Decl. ¶¶ 4, 16.)

Butler filed a discrimination charge with the EEOC, has received her right to sue letter, and timely brings this lawsuit. Butler alleges age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq. (Doc. 1, ¶ 30.) The Archdiocese argues that the case should be dismissed because serious constitutional questions

would be raised by requiring a Catholic school to conform its conduct to the ADEA; because the "ministerial exception" permits a Catholic school to discriminate on the basis of age; and, finally, because Butler has not made a prima facie case under the ADEA, or, if she has, then she is unable to prove that "but for" her age the School would have renewed her teaching contract. (Doc. 29 at 2.)

This case is in an unusual procedure posture because it was previously assigned to former Judge Kent. Judge Kent denied Defendants' earlier 12(b)(6) motion to dismiss after determining that the First Amendment issues in the case required further analysis. (Doc. 16.) Under the law of the case doctrine, "when a district judge has rendered a decision in a case, and the case is later transferred to another judge, the successor should not ordinarily overrule the earlier decision." *O'Keefe v. Noble Drilling Corp.*, 2009 WL 2957320 at *2 (5th Cir. Sept. 15, 2009) (unpublished) (reversing another of Judge Kent's cases transferred to this Court) (quoting *Loumar, Inc. v. Smith*, 698 F.2d 759, 763 (5th Cir. 1983)). However, because Judge Kent did not rule on the merits of Plaintiff's ADEA claim in the context of a Rule 56 motion, this decision does not overrule the earlier order.

II.  Summary Judgment Standard

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts

are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the nonmoving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." W*ebb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998).

Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The nonmovant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). The nonmoving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). In reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible,

though it may not be in admissible form.  *See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1988).

III.  Discussion

The ADEA was designed to "promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; [and] to help employers and workers find ways of meeting problems arising from the impact of age on employment."  29 U.S.C. § 621(b).  To establish a "prima facie case of age discrimination, the plaintiff-employee must show that (1) he was a member of the protected group, (2) he was discharged, (3) he was replaced with a person outside the protected group, and (4) he was qualified to do the job."  *Price v. Maryland Casualty*, 561 F.2d 609, 612 (5th Cir. 1977).  Once the plaintiff establishes a prima facie case, the burden of production shifts to the defendant to proffer a legitimate nondiscriminatory reason for its employment action.  *See, e.g., West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 384 (5th Cir. 2003) (noting that once the plaintiff in an ADEA case has established a prima facie case of age discrimination, the defendant must "produce evidence of a legitimate, nondiscriminatory reason for its decision to terminate [plaintiff's] employment").  Finally, if the defendant meets its burden, the presumption of discrimination created by plaintiff's prima facie case disappears and the plaintiff must meet her ultimate burden of persuasion on the issue of intentional discrimination.  *See Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896–97 (5th Cir. 2002); *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001); *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222–23 (5th Cir. 2000).

In this case Plaintiff Butler was not terminated; her teaching contract was simply not renewed.  The class that Butler taught was subsequently assigned to Hinton, a significantly

younger teacher, though technically in the same protected class as Butler. *See McCorstin v. United States Steel Corp.*, 621 F.2d 749, 754 (5th Cir. 1980). However, Hinton had a qualification that Butler did not: the ability to teach religion. Hinton actually taught religion classes for the School, negating the claim that this explanation was mere pretext. Thus, while Butler was a member of a protected class and can make some showing that she was discharged and replaced with a significantly younger employee, Butler cannot show that she was qualified to do the job the school required from 2006–2009. Finally, even if Butler could establish a prima facie case of age discrimination, the School offers a valid nondiscriminatory reason for not renewing her teaching contract.

Because the Court finds that the Butler has failed to establish a prima facie case of age discrimination under the ADEA, Defendants' contentions regarding the First Amendment need not be entertained.

IV. Conclusion

Accordingly the Court hereby ORDERS that Defendants Archdiocese of Galveston-Houston and Saint Philip Neri Catholic School's motion is GRANTED and the case is DISMISSED.

SIGNED at Houston, Texas, this 12th day of November, 2009.

                                                              _____
                                                              MELINDA HARMON
                                                              UNITED STATES DISTRICT JUDGE